ST AUBIN v ISHPEMING CITY COUNCIL

Docket No. 141663. Submitted May 6, 1992, at Marquette. Decided November 18, 1992, at 9:05 A.M.

Helen St. Aubin brought an action in the Marquette Circuit Court against the Ishpeming City Council and the five members of the council, alleging violations of the Open Meetings Act, MCL 15.261 *et seq.*; MSA 4.1800(11) *et seq.* All five council members met privately with the plaintiff, the city manager, on October 4, 1989, and, after expressing dissatisfaction with the plaintiff's work, asked her either to resign or to face termination at a subsequent city council meeting. Plaintiff declined, and was terminated on October 11, 1989. The court, John D. Payant, J., granted summary disposition for the defendants. The plaintiff appealed.

The Court of Appeals *held:*

1. The Open Meetings Act was not violated when one council member held individual discussions with the other members before the October 4 meeting regarding whether the plaintiff should be retained as city manager. An informal canvass by one member of a public body to determine the concensus of opinion regarding a particular issue is not violative of the act. The evidence does not indicate that the individual discussions were an attempt to avoid the act.

2. The October 4, 1989, nonpublic meeting violated the act because the decision was made at that meeting that the plaintiff would not be allowed to continue as city manager. Summary disposition with regard to this issue should have been granted for the plaintiff. The matter must be remanded to the trial court for entry of an order granting summary disposition for the plaintiff with regard to the October 4, 1989, meeting.

3. There is no merit to the defendants' argument that the council's actions fall under MCL 15.263(10); MSA 4.1800(13)(10) and, therefore, did not violate the act. The October 4, 1989,

REFERENCES

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 161.

Validity, construction, and application of statutes making public proceedings open to the public. 38 ALR3d 1070.

meeting was neither a social or chance gathering nor a professional conference as contemplated by the statute.

Reversed in part and remanded.

STATUTES — OPEN MEETINGS ACT — DECISIONS OF PUBLIC BODIES — INFORMAL POLLS.

The Open Meetings Act requires that all decisions of a public body be made at a meeting open to the public; the act is not violated where a member of a public body conducts an informal poll of other members to determine how they would vote on a particular issue, where no decision regarding the issue is made during the polling, and the intent is not to circumvent the requirements of the act (MCL 15.263[1], [2]; MSA 4.1800[13][1], [2]).

*Clancey, Hansen, Chilman, Graybill & Greenlee, P.C.* (by *Walter L. Hansen* and *Terrence E. Dean*), for the plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Dennis P. Mikko*), for the defendant.

Before: GRIFFIN, P.J., and WEAVER and McDONALD, JJ.

PER CURIAM. Plaintiff was the city manager of the City of Ishpeming. On October 4, 1989, all five members of the city council met privately with plaintiff, expressed their dissatisfaction with her work, and asked her to either resign or face termination at a subsequent council meeting. Plaintiff declined to resign and was terminated at a regular city council meeting on October 11, 1989.

Plaintiff subsequently brought a complaint alleging violations by defendants of the Open Meetings Act (OMA), MCL 15.261 *et seq.*; MSA 4.1800(11) *et seq.*

Plaintiff essentially alleged that the October 4, 1989, meeting violated the OMA because the public was not given notice of the meeting, MCL 15.264; MSA 4.1800(14), and plaintiff did not request a

closed session, MCL 15.268(a); MSA 4.1800(18)(a). Plaintiff also asserted that the mayor, Angelo Bosio, who is a council member, had contravened the OMA by privately canvassing the council individually to establish a consensus. Plaintiff sought injunctive relief[1] prohibiting defendants from continuing the conduct that led to the alleged violations of the OMA as well as actual attorney fees, MCL 15.271; MSA 4.1800(21) and MCL 15.273; MSA 4.1800(23).

Both parties brought motions for summary disposition, MCR 2.116(C)(10). The trial court granted defendants' motion and dismissed plaintiff's complaint. Plaintiff appeals. We reverse in part and remand.

Plaintiff first contends that the court erred in granting defendants summary disposition, arguing defendants' conduct violated the Open Meetings Act on its face.

Mayor Bosio stated in his deposition that before the October 4 meeting, he held individual discussions with all the council members· regarding whether plaintiff should be retained as city manager. Bosio stated that before the meeting he felt there was a consensus among the members of the council to terminate plaintiff. Plaintiff·argues that this one-on-one canvassing, which resulted in a private consensus by the council, contravened the OMA. We disagree.

The OMA requires that all decisions of a public body must be made at a meeting open to the public. MCL 15.263(2); MSA 4.1800(13)(2). In this case no decision was made by the body, instead

---

[1] In its opinion, the court noted that during oral arguments plaintiff's counsel indicated that plaintiff was not pursuing exemplary damages against the individual defendants, pursuant to MCL 15.273; MSA 4.1800(23), because there is no evidence that the individual defendants intentionally violated the Open Meetings Act.

Bosio was polling the individual members to determine their opinions. We find this conduct, an informal canvas by one member of a public body to find out where the votes would be on a particular issue, is not violative of the OMA.

We distinguish this situation from that in *Booth Newspapers, Inc v Univ of Michigan Bd of Regents,* 192 Mich App 574; 481 NW2d 778 (1992), and *Booth Newspapers, Inc v Wyoming City Council,* 168 Mich App 459; 425 NW2d 695 (1988). In *Booth Newspapers v U of M Bd of Regents,* the defendant deliberately divided itself into subquorum groups to deliberate on public policy in an attempt to avoid the OMA. Similarly, in *Booth Newspapers v Wyoming,* over a two-day period, luncheon meetings were held, with neither meeting having a sufficient number of council members attending to constitute a quorum. The Court found the meetings were designed to avoid the OMA while the city council deliberated on public policy. Here, no attempt to avoid the OMA is indicated.

Plaintiff also asserts that the October 4, 1989, meeting violated the OMA. On that occasion, the entire city council met with plaintiff in a nonpublic session. Plaintiff was told that if she did not resign, she would be terminated at a subsequent open council meeting. Because the decision was made that plaintiff would not be allowed to continue as city manager, the nonpublic meeting violated MCL 15.263(1) and (2); MSA 4.1800(13)(1) and (2). The trial court should have granted summary disposition to plaintiff rather than defendants with regard to this issue.

Defendants argue that the council's actions fall under MCL 15.263(10); MSA 4.1800(13)(10) and, therefore, did not violate the OMA. This statute provides that the OMA "does not apply to a meeting which is a social or chance gathering or confer-

ence not designed to avoid this act." It is clear that the meeting on October 4, 1989, was neither a social or chance gathering nor a professional conference as contemplated by the statute. We find no merit to this argument.

Our resolution of this issue makes it unnecessary to address plaintiff's other assignments of error. We remand this case to the trial court for a summary disposition order in favor of plaintiff with respect to the issue whether the October 4 meeting violated the OMA. We do not retain jurisdiction.

Reversed in part and remanded.